1   JOHN C. ULIN (State Bar No. 165524)
    John.Ulin@aporter.com
2   ERIC D. MASON (State Bar No. 259233)
    Eric.Mason@aporter.com
3   LOUIS S. EDERER (*Pro Hac Vice*)
    Louis.Ederer@aporter.com
4   MATTHEW T. SALZMANN (*Pro Hac Vice*)
    Matthew.Salzmann@aporter.com
5   ARNOLD & PORTER LLP
6   777 South Figueroa Street, 44th Floor
    Los Angeles, California  90017-5844
7   Telephone: (213) 243-4000; Facsimile:  (213) 243-4199
8   *Attorneys for Plaintiffs*

9   MATTHEW L. SEROR (State Bar No. 235043)
    Mseror@buchalter.com
10  BUCHALTER NEMER
11  A Professional Corporation
    1000 Wilshire Blvd., Suite 1500
12  Los Angeles, California  90017-2457
    Telephone: (213) 891-0700; Facsimile:  (213) 896-0400
13
    *Attorneys for Defendants Watch L.A. Jeans & Sportswear*
14  *d/b/a Watch L.A. and Pierre D. Mitri*

15
                 **UNITED STATES DISTRICT COURT**
16
                 **CENTRAL DISTRICT OF CALIFORNIA**
17
                         **WESTERN DIVISION**
18

| | |
|---|---|
| 19  SWEET PEOPLE APPAREL, INC. d/b/a MISS ME, a California corporation, and RCRV, INC. d/b/a 20  ROCK REVIVAL, a California corporation, | )   Case No.: 2:14-cv-07399-RSWL (SHx) )  )   Hon. Ronald S.W. Lew )  ) |
| 21             Plaintiffs, 22       v. 23  WATCH L.A. JEANS & 24  SPORTSWEAR d/b/a WATCH L.A., a business entity of form unknown, 25  PIERRE D. MITRI, an individual, XYZ COMPANIES 1-10, and JOHN AND 26  JANE DOES 1-10, 27             Defendants. | )   **STIPULATED PROTECTIVE** )   **ORDER FOR CONFIDENTIAL** )   **TREATMENT OF DOCUMENTS** )   **OR INFORMATION** )  )   Complaint Filed:  September 22, 2014 )  )  )  )   **DISCOVERY MATTER** )  )  )  )  )  ) |

28

---

1    In connection with the production of confidential documents and other

2    confidential information in this action, the parties, through their respective counsel,

3    hereby enter into this Stipulated Protective Order for Confidential Treatment of

4    Documents or Information (the "Stipulated Protective Order").

5    **Statement of Good Cause:**   This action involves claims for, among other

6    things, copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et.*

7    *seq.*, and trademark infringement and unfair competition under the Lanham Act, 15

8    U.S.C. § 1053, *et. seq.*, and common law trademark infringement and unfair

9    competition under California law.  The parties are variously designers, distributors,

10   suppliers, manufacturers, vendors, and retailers of jeanswear and other casual apparel

11   items.  The parties therefore recognize that discovery requesting information from the

12   parties, their vendors, customers and clients, including financial information, market

13   information and other commercially and competitively sensitive information may be

14   necessary to prove and/or disprove Plaintiffs' claims and Defendants' defenses.  There

15   will also be depositions of the parties' employees or agents and third party vendors,

16   customers or clients, and such persons will likely be asked questions on these

17   potentially sensitive subject areas.  The parties will likely be placed at a competitive or

18   economic disadvantage if such confidential and/or proprietary information is disclosed

19   to other parties and/or the public at large.  This Stipulated Protective Order is therefore

20   necessary to avoid any prejudice or harm in the form of loss of competitive advantage

21   which would likely result if such information was disclosed in the absence of the

22   protections set forth herein.  This Stipulated Protective Order is also necessary for the

23   orderly management of this litigation.  Without this Stipulated Protective Order, the

24   exchange of party information, as well as information potentially needed from third

25   parties, including most importantly the parties' manufacturers, vendors, suppliers,

26   customers or retailers may become logistically very difficult, time consuming and

27   expensive.

28

STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF
DOCUMENTS OR INFORMATION

1    **Exercise of Restraint and Care in Designating Material for Protection**:
2    Each party or non-party that designates documents or information for protection under
3    this Stipulated Protective Order must take care to limit any such designation to specific
4    material that qualifies under the appropriate standards.  A designating party must take
5    care to designate for protection only the documents or information that qualifies.  In
6    that regard, mass and/or indiscriminate designations are prohibited.  Designations that
7    are shown to be clearly unjustified, or that have been made for an improper purpose
8    (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose
9    unnecessary expenses and burdens on other parties), expose the designating party to
10   sanctions.

11       **A.    Definition of "Confidential Information" and "Confidential -**
12   **Attorneys' Eyes Only"**

13            1.    "Confidential Information," as used herein, means all information
14   in whatever form, such as oral, written, documentary, tangible, intangible, electronic,
15   or digitized now or hereafter in existence that:

16            a.    is protected as a "Trade Secret" under the Uniform Trade
17   Secrets Act, California Civil Code section 3426, *et. seq.*, as defined at section
18   3426.1(d): "[I]nformation, including a formula, pattern, compilation, program, device,
19   method, technique, or process, that: (1) Derives independent economic value, actual or
20   potential, from not being generally known to the public or to other persons who can
21   obtain economic value from its disclosure or use; and (2) Is the subject of efforts that
22   are reasonable under the circumstance to maintain its secrecy"; or

23            b.    is otherwise regarded by a party as being confidential,
24   private, or proprietary in nature, including for example personal and private
25   information regarding individuals such as personnel records; and

26            c.    as illustrative examples only, the parties anticipate that the
27   following descriptive categories will be designated as Confidential Information under
28   this Stipulated Protective Order, including, but not limited to, employee records and

STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF
DOCUMENTS OR INFORMATION

1  information, customer lists, and proprietary fabric/style specifications and unpublished
2  designs.

3        2.       "Confidential - Attorneys' Eyes Only" as used herein, means
4  Confidential Information that consists of Trade Secrets as defined in the California
5  Trade Secrets Act and are (1) current business plans; (2) sales and financial
6  projections; (3) financial information of the parties, including profit margins, sales and
7  cost data, profits, and retail sales summaries, vendor lists, order summaries,
8  confidential contracts; and (4) customer lists.

9        3.       Confidential Information is unlimited in kind or form and includes,
10 by way of example only and without limitation thereto, information relating to the
11 following: any products, designs, specifications, tests, plans, studies, surveys,
12 manufacture, distribution, marketing, promotion, advertisement, sales, opportunities,
13 vendors, customers, financial matters, costs, sources, prices, profits, research,
14 development, analysis, know-how, show-how, personnel, strategies, or competition.

15       4.       This Stipulated Protective Order shall not apply to information that,
16 before disclosure, is properly in the possession or knowledge of the party to whom
17 such disclosure is made, or is public knowledge. The restrictions contained in this
18 Stipulated Protective Order shall not apply to information that is, or after disclosure
19 becomes, public knowledge other than by an act or omission of the party to whom such
20 disclosure is made, or that is legitimately acquired from a source not subject to this
21 Stipulated Protective Order.

22 **B.    Production of Confidential Information**

23       1.       All efforts by any party or witness in this matter to designate any
24 information as "Confidential" or "Confidential - Attorneys' Eyes Only" shall be
25 governed by the terms of this Stipulated Protective Order.  The party by whom any
26 disclosure is made is the "Disclosing Party" and the party to whom any disclosure is
27 made is the "Receiving Party."   By receiving any property designated as
28 "Confidential" or "Confidential - Attorneys' Eyes Only," the Receiving Party agrees

STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF
DOCUMENTS OR INFORMATION

1  not to disclose, publish, disseminate, or use, other than as expressly permitted herein,

2  any such property and will assure that all reasonable efforts are made to prevent any

3  unauthorized use, disclosure, publication or dissemination of such property.

4          2.    All Confidential Information produced by the Disclosing Party to

5  the Receiving Party in whatever form (*e.g.*, documents, materials, things, testimony or

6  other information) during the course of this matter shall be designated "Confidential"

7  or "Confidential - Attorneys' Eyes Only" in accordance with the terms of this

8  Stipulated Protective Order, *infra*, prior to disclosure, by use of a reasonably

9  conspicuous and prominent mark.  In the case of documents, the mark shall be on

10  every page.

11      **C.    Levels of Confidentiality**

12      Any information designated as "Confidential" or "Confidential - Attorneys'

13  Eyes Only" shall be restricted in accordance with the following levels of

14  confidentiality:

15          1.    "Confidential - Attorneys' Eyes Only" — Information designated

16  as "Confidential - Attorneys' Eyes Only" shall be restricted to viewing, or copying by,

17  and disclosure to:

18                  a.    attorneys acting on behalf of the parties in this matter;

19                  b.    in-house counsel for the parties;

20                  c.    one officer or director of each party who has a need to know

21                        the information to assist counsel with the litigation;

22                  d.    the office personnel employed by the counsel working under

23                        the direct supervision of said counsel;

24                  e.    the authors and the original recipients of the document;

25                  f.    the United States District Court for the Central District of

26                        California and all clerks and other personnel in the United

27                        States District Court for the Central District of California,

28                        before which this action is pending;

1       g.    experts and consultants necessarily retained by counsel of

2   record in this litigation, but only if these experts and

3   consultants comply with this Stipulated Protective Order in

4   full and read, sign, and agree to be bound by all of its terms;

5   and

6       h.    Employees of copy services or database services, trial

7   support firms, or similar vendors who are engaged by the

8   parties during the litigation of this action.

9       2.    "Confidential" — Information designated as "Confidential" shall be

10   restricted to viewing, copying by, and disclosure to:

11       a.    all "Confidential - Attorneys' Eyes Only" persons; and

12       b.    all employees, officers, and directors of each party of record

13   who have a need to know the information to assist counsel in

14   connection with the litigation.  It is not necessary that each

15   such person sign this order, provided that the Receiving Party

16   has previously notified all employees, officers, and directors

17   of the existence of this order, its terms, and the consequences

18   of an unauthorized disclosure.

19   **D.   Depositions**

20       1.    Any party may designate testimony on oral deposition as

21   "Confidential" or "Confidential - Attorneys' Eyes Only".  The designation of such

22   testimony shall be made at any point during the deposition by so stating on the record

23   and identifying the level of protection desired.

24       2.    Once testimony has been designated as "Confidential" or

25   "Confidential - Attorneys' Eyes Only", only the following persons shall be present for

26   the answer:

27       a.    persons authorized under this Stipulate Protective Order;

28       b.    the deponent; and

STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF
DOCUMENTS OR INFORMATION

1          c.          the reporter and videographer.

2          3.          Each court reporter must separately bind those portions of 3 deposition transcript and related exhibits deemed confidential and shall further 4 separate into separate bound deposition transcripts — by the various levels of 5 confidentiality — and shall thereon place a reasonably conspicuous and prominent 6 designation on the first page of each such bound transcript or exhibits.

7          4.          A deponent and/or party shall have until ten (10) days after receipt 8 of a deposition transcript to designate additional portions of the transcript under this 9 Stipulated Protective Order.

10          5.          Each party shall cause each copy of the transcript in its custody or 11 control or that comes into its custody or control to be immediately marked as 12 designated.

13          6.          Prior to the expiration of ten (10) days, a deposition transcript 14 and/or the substance of a deponent's answers may be disclosed only to those persons 15 authorized to receive items designated as "Confidential - Attorneys' Eyes Only" and 16 the deponent.

17     **E.     Items Filed with the Court**

18          If a party or any other person subject to this order wishes to file or lodge with 19 the Court any document that contains or attaches any Confidential Information, or any 20 document that contains, reflects or summarizes Confidential Information, that party or 21 person shall comply with the procedures set forth in Local Rule 79-5.1 of the Local 22 Rules of the United States District Court for the Central District of California [Filing 23 Under Seal - Procedures].

24     **F.     Inadvertent Disclosure**

25          1.          The inadvertent or unintentional disclosure of "Confidential" or 26 "Confidential - Attorneys' Eyes Only" information, regardless of whether the item was 27 so designated at the time of disclosure, shall not be deemed a waiver in whole or in 28 part of a party's claim of protection under this Stipulated Protective Order either as to

the specific information disclosed therein or on the same or related subject matter, provided that the party later asserting a claim of protection informs the opposing parties of its claim within a reasonable time.

2.      If notified of the inadvertent or unintentional disclosure of Confidential Information as described in the above paragraph, the Receiving Party shall promptly sequester and protect any protected information identified by the Disclosing Party to have been inadvertently or unintentionally disclosed to the Receiving Party upon being notified of the Disclosing Party's claim of protection.  If the Receiving Party disclosed the protected information before being notified of the Disclosing Party's claim of protection, it must take reasonable steps to retrieve the item for destruction, sequestering, or return to the Disclosing Party.

3.      If information subject to a claim of attorney client privilege or work product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such claim.  If a party has inadvertently produced information subject to a claim of immunity or privilege, upon request, such information shall be returned promptly and, if a document, all copies (including by not limited to electronic copies) of that document shall be destroyed. The party returning such information may move the Court for an order pursuant to Local Rules 37.1 and 37.2, compelling production of such information, but the motion shall not assert as a ground for production the fact that the information was inadvertently produced.

**G.      Acknowledgment of Order**

Each person required by this Stipulated Protective Order to sign a statement agreeing to be bound by the Order must sign the statement set forth in Exhibit A to this Order and deliver the executed statement to the Disclosing Party.

**H.      Agreement of Parties to Order**

All parties to this action, their counsel, and all other persons subject to this Stipulated Protective Order shall be bound by this Order and shall abide by all of the

1  terms of this Order until otherwise ordered by the United States District Court for the
2  Central District of California, or by written notice releasing them from the respective
3  obligations received from the pertinent Disclosing Party.

4         This Stipulated Protective Order is not intended to govern the use of
5  Confidential Information at any trial of this action.  Questions of the protection of
6  Confidential Information during trial will be presented to the Court and the
7  Designating Party prior to or during trial as each party deems appropriate.

8  **I.    Continuing Effect of Order**

9         Unless counsel agrees otherwise in writing, within ninety (90) days of the final
10 disposition of this action, whether by final adjudication on the merits, including any
11 appeals, or by other means, the attorneys for the parties shall return promptly to the
12 Disclosing Party from whom they were obtained, all documents, other than attorney
13 work-product and communications protected by the attorney-client privilege, which
14 constitute or include material that has been designated "Confidential" or "Confidential
15 - Attorneys' Eyes Only," or destroy the same, and return or destroy all copies made
16 thereof, including all documents, or copies provided by a Receiving Party to any other
17 person.  At the conclusion of the 90-day period, counsel for each party shall represent
18 in writing that to his or her knowledge and belief the party has either returned or
19 destroyed all Confidential Material in accordance with this order.  Notwithstanding the
20 foregoing, counsel for the parties shall be permitted to retain a file copy of materials
21 produced in discovery or created during the course of the litigation, or made part of the
22 record, or which have been filed under seal with the Clerk of the Court and a copy of
23 all depositions, including exhibits, and deposition evaluations.  Such file copies
24 containing Confidential Information must be maintained under the conditions set forth
25 in this order for such designated materials.

26 **J.    Additional Relief**

27        No party is prevented from seeking relief not provided by this Stipulated
28 Protective Order, or otherwise seeking relief from the United States District Court for

1   the Central District of California, as may be appropriate to protect its interests or

2   otherwise prepare this matter for trial.

3        **K.      Challenging Designation of Materials**

4        1.      Any Receiving Party disagreeing with the designation of any document or

5   information as "Confidential" or "Confidential - Attorneys' Eyes Only" shall notify the

6   Disclosing Party in writing.  The Disclosing Party shall then have a reasonable period,

7   not exceeding ten (10) court days, from the date of receipt of such notice to advise the

8   Receiving Party in writing (1) whether or not the Disclosing Party persists in such

9   designation; and (2) if the Disclosing Party persists in the designation, to explain the

10  reasons for the particular designation.  The Receiving Party may then advise the

11  Disclosing Party in writing that it disputes such designation.  The Disclosing Party

12  may then move the Court for an order confirming the particular designation or

13  replacing it with a different designation.  The procedure detailed in this paragraph is

14  deemed to comply with the meet and confer process required by Rule 37 of the Local

15  Rules of the United States District Court for the Central District of California.  The

16  parties do not have to meet in person on this issue.  Thereafter, the parties shall comply

17  with the requirements of Rule 37 of the Federal Rules of Civil Procedure and Rule 37

18  of the Local Rules of the United States District Court for the Central District of

19  California governing discovery motions.  The Designating Party who asserts that the

20  document or information is "Confidential" or "Confidential - Attorneys' Eyes Only"

21  shall have the initial burden of proving that the designation is proper.  Information

22  designated "Confidential" or "Confidential - Attorneys' Eyes Only" by a Disclosing

23  Party shall be treated as such by a Receiving Party unless otherwise agreed to by the

24  parties or otherwise ordered by the Court or by any appellate court, should appellate

25  review be sought.

26       2.      The failure of a Receiving Party to challenge expressly a claim of

27  confidentiality or the designation of any document or information as "Confidential" or

28  "Confidential - Attorneys' Eyes Only" at the time of disclosure shall not constitute a

STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF
DOCUMENTS OR INFORMATION

1  waiver of the right to assert at any subsequent time that the same is not in fact

2  confidential or not appropriately designated for any reason.

3    3.    Except as set forth in Paragraph K.1 above regarding the "meet and

4  confer" procedure for challenging the designations of any materials under the

5  Stipulated Protective Order, Local Rule 37 governs the procedure for resolving any

6  disputes related to this Protective Order.

7  **L.    Use for This Litigation Only**

8    1.    Items designated under this Stipulated Protective Order shall not be

9  used by any recipient or disclosed to anyone for any purpose other than in connection

10  with the above-captioned action.

11    2.    In the event that any party and/or recipient of Confidential

12  Information pursuant to this Stipulated Protective Order is served with subpoena, legal

13  process, order, or otherwise requested to disclose any Confidential Information (the

14  "Disclosing Entity") by any person or entity not covered by this Order, including,

15  without limitation, other insurance carriers, state, local or federal agencies, or litigants

16  in other litigation (the "Requesting Entity"), the Disclosing Entity shall give notice

17  thereof, by telephone and facsimile, as soon as practicable but in any event sufficiently

18  prior to the requested disclosure to afford an opportunity to intervene for any party

19  who may be adversely affected by the disclosure except to the extent that such notice is

20  precluded by law.  The party asserting the confidential treatment of the Confidential

21  Information shall have the burden of defending against any such subpoena, legal

22  process or order.

23  **M.    Prior Orders**

24    This Stipulated Protective Order shall not affect any prior order of the Court.

25  **N.    Execution and Counterpart**

26    This Stipulated Protective Order may be executed in one or more counterparts,

27  each of which shall be deemed to be an original, but all of which together shall

28  constitute one and the same instrument. Facsimile signatures or any party upon the

STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF
DOCUMENTS OR INFORMATION

1  signature page of this Stipulated Protective Order shall be binding upon the parties

2  hereto and may be submitted as though such signatures were original signatures.

3  **O.    Submission to Court**

4       The Parties agree to submit this Stipulated Protective Order to the Court for

5  adoption as an order of the Court.  The Parties reserve the right to seek, upon good

6  cause, modification of this Stipulated Protective Order by the Court.

7  **IT IS SO ORDERED.**

8

9  Date:  March 05, 2015

               _____

10                    Stephen J. Hillman
                   **U.S. Magistrate Judge**

11

12 ARNOLD & PORTER LLP                    BUCHALTER NEMER

13 By:  /s/ Eric D. Mason_____        By:  /s/ Matthew L. Seror_____
     John C. Ulin                                    Matthew L. Seror

14      Eric D. Mason                                 1000 Wilshire Blvd., Suite 150
     Louis S. Ederer                               Los Angeles, CA  90017-2457

15      Matthew T. Salzmann                     Telephone: (310) 553-3610
     777 South Figueroa St., 44th Fl.

16      Los Angeles, CA  90017-5844         *Counsel for Defendants Watch L.A.*

17      Telephone: (213) 243-4000             *Jeans & Sportswear d/b/a Watch*
                                  *L.A. and Pierre Mitri*

18      *Counsel for Plaintiffs*

19

20 Dated:  March 3, 2015                         Dated:  March 3, 2015

21

22      Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories

23 listed, and on whose behalf this filing is submitted, concur in the filing's content and

   have authorized the filing.

24

25

26

27

28

STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF
DOCUMENTS OR INFORMATION

# **EXHIBIT A**

**UNDERTAKING TO BE BOUND BY THE PRETRIAL PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *Sweet People Apparel, Inc. d/b/a Miss Me, et al. v. Watch L.A. Jeans & Sportswear d/b/a Watch L.A.*, Case No. 14-cv-07399-RSWL (SHx).

I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:            _____, 2015

City and State where sworn and signed:        _____

Signed:        _____        _____
               [Print Name]                [Signature]